UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| R.S. LOGISTICAL SOLUTIONS, LTD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-CV-178-DCLC-JEM |
| | ) | |
| JANUS GLOBAL OPERATIONS LLC, and | ) | |
| CALIBURN INTERNATIONAL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant Janus Global Operations LLC's and Defendant Caliburn International, LLC's Motion for Leave to File Under Seal and Memorandum in Support ("Motion to Seal") [Doc. 46]. By way of background, Defendants previously filed a similar motion [*see* Doc. 43], which the Court denied without prejudice [Doc. 45]. The Court denied the motion for failure to comply with the Court's Memorandum and Order Regarding Sealing Confidential Information ("Order") [Doc. 8] and explained that Defendants should refile their motion to seal in accordance with the Order.

Defendants refiled their motion, which seeks leave to file their motion for protective order and associated memorandum of law [Doc. 47], as well as Exhibit 1 to the motion [Doc. 47-1], under seal. The motion and memorandum reference Exhibit 1, which Defendants explain is a provision in a contract between Janus Global Operations LLC ("Janus") and the United States

Department of State ("State Department").  According to Defendants, the contract is not publicly available and is subject to the State Department's stringent confidentiality requirements. Defendants submit that the presumption of public access to the information is lower because it does not relate to the merits of the case and that the redacted information is only of concern to the litigants in this matter and the State Department, a non-party in this action.  Further, Defendants state that the proposed redactions are narrowly tailored to cover only the pertinent information and will not impact the public's ability to comprehend the arguments contained in Defendants' motion.

The Court finds that Defendants have established good cause to place the motion for protective order and associated memorandum of law [Doc. 47] and Exhibit 1 [Doc. 47-1] under seal.  *See* E.D. Tenn. L.R. 26.2(b) (explaining that the proponent of the sealing must establish good cause). The contract is between Defendant Janus and the State Department, a non-party.  The dispute at issue relates to a confidentiality provision and whether such provision prohibits Defendants from disclosing certain documents to Plaintiff.  The Court observes that Defendants have filed a redacted copy of the motion for protective order and associated memorandum of law [Doc. 46-1] in accordance with the Court's Order [Doc. 8], and the scope of the proposed sealing is narrowly tailored to protect the confidentiality provision in the contract at issue.  Given the limited redactions, the public will be able to discern the nature of the dispute and will be able to understand the reasoning underlying the Court's anticipated ruling on the parties' discovery dispute.  *See Bidwell Fam. Corp. v. Shape Corp.*, No. 1:19-CV-201, 2022 WL 952747, at *1 (S.D. Ohio Mar. 30, 2022) (placing a contract with a non-party under seal, in part, because it contained a confidentiality provision and the scope of the seal was narrowly tailored to protect the sensitive information).  Accordingly, the Court **GRANTS** Defendants' Motion to Seal [**Doc. 46**].  The proposed sealed documents [**Doc. 47 & Doc. 47-1**] shall **REMAIN UNDER SEAL**.  The Clerk

**SHALL** re-docket [Docs. 46-1, 46-2, 46-3, 46-4, 46-5, 46-6, 46-7, & 46-8] as a separate entry in CM/ECF.

**IT IS SO ORDERED.**

ENTER:

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge