UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

R.S. LOGISTICAL SOLUTIONS LTD,

    Plaintiff,

    v.

JANUS GLOBAL OPERATIONS LLC and
CALIBURN INTERNATIONAL, LLC,

    Defendants.

No. 3:21-CV-00178-DCLC-JEM

## DEFENDANTS JANUS GLOBAL OPERATIONS LLC AND CALIBURN INTERNATIONAL, LLC'S REPLY IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER

Defendants Janus Global Operations LLC ("JGO") and Caliburn International, LLC ("Caliburn," and together, "Defendants"), by and through counsel, hereby submit this reply in response to Plaintiff R.S. Logistical Solutions LTD's ("RSLS")[1] opposition, (ECF 52), and in further support of Defendants' Motion for Protective Order, (ECF 49).

## INTRODUCTION

After several letters, conferences between the parties, and the submission of multiple briefs, RSLS continues to fundamentally misunderstand—or deliberately misstate—Defendants' position regarding their motion for a protective order. Defendants cannot produce their communications with the Department of State ("DoS") without violating a contractual obligation on a significant and lucrative contract, as doing so would put at stake currently more than twelve

---

[1] Defendants use the same abbreviations and defined terms as in their Motion for Protective Order. (ECF 49).

times the damages RSLS seeks in this case. As a result, complying with RSLS's discovery requests—which are also facially overbroad and cover plainly irrelevant material—would be unduly burdensome for Defendants and disproportionate to the needs of the case. The Court can therefore grant Defendants' request for a protective order under Federal Rule of Civil Procedure 26(c)(1) or deny RSLS's Motion to Compel under Rule 26(b)(1).

RSLS's Opposition does not meaningfully respond to several of Defendants' arguments, and instead speculates as to Defendants' communications with DoS, offers tortured or inapposite legal authority for its positions, and resorts to baseless accusations to shift blame for its own tactical choices. Critically, RSLS does not even try to refute that its facially overbroad requests reach irrelevant material or explain why it could not seek the discovery in question from DoS. These failures only confirm that Defendants' requested protective order is appropriate here.

## ARGUMENT

I. **RSLS's Speculation Regarding Defendants' Requests to DoS Does Not Defeat Defendants' Showing Of Good Cause**

RSLS offers the groundless speculation that Defendants did not ask DoS to authorize production of the requested discovery, (see ECF 52 at 5), but the specific facts Defendants presented in their motion for protective order reflect the reasonable steps they took ▮▮▮ ▮▮▮▮▮▮▮▮▮▮ and the serious potential harm they could incur if they are compelled to violate their contractual obligations to DoS. In particular, Defendants identified the contractual provision that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ confirmed that Defendants, in fact, contacted DoS (at RSLS's request) to inform the government about RSLS's requested discovery and to request DoS's guidance as to how Defendants should respond; and informed RSLS and the Court that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*See* ECF 49 at 6; ECF 49-7, ¶ 8; ECF 42-5 at 1 ). RSLS does not explain why these steps are insufficient or what additional steps Defendants should have taken, nor does it cite any authority that confirms Defendants' actions were not reasonable under the Federal Rules.² There is no talismanic requirement that Defendants use particular language ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and the fact that Defendants identified the requested discovery to DoS and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ more than suffices to establish that Defendants acted reasonably. *See* 1 Fed. R. Civ. P., Rules & Commentary to Rule 26, *Practice Commentary* ("perfection is not required of either the clients who provide the responses or the lawyers who oversee the efforts that led to those responses. Rather, for both clients and their lawyers, the standard is reasonableness under the circumstances").

Further, Defendants' identification of the potential harm from losing the Somalia Task Order ($61 million), the danger of losing another ongoing Task Order with DoS in Erbil, Iraq, and the risk to multiple future contracts in the pipeline, (*see* ECF 49-7 at ¶¶ 9-12), constitute "specific facts showing clearly defined and serious injury resulting from the discovery sought," *Nix v. Sword*, 11 F. App'x 490, 500 (6th Cir. 2001). Defendants' motion and accompanying affidavit clearly articulate that forcing Defendants to disclose their communications with DoS ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is likely to result in harm to current and future business opportunities. That clearly shows the likelihood of serious injury to Defendants,

---

² RSLS's lone citation on this point, *Johnson v. BAE Systems, Inc.*, 307 F.R.D. 220 (D.D.C. 2013), involved starkly different facts. There, an attorney failed to certify, or even review, his client's discovery response, which consisted of falsified records, and failed to correct the deficient and misleading response. *Id.* at 224. The attorney also failed to even Bates stamp the production or otherwise keep a copy so he could deal with it later. *Id.* These facts are not present here.

3

which injury would pose an undue burden. As a result, Defendants have established good cause for a protective order, especially where RSLS cannot show the relevance of substantial material covered by its requests. *See, e.g.*, *S. Fifth Towers LLC v. Aspen Ins. UK, LTD.*, No. 3:15-CV-151-CFS, 2016 WL 11200223, at *7 (W.D. Ky. Nov. 4, 2016) (good cause "may be shown where a party . . . demonstrates that the disputed discovery requests seek irrelevant information or information that is only marginally relevant in the face of greatly disproportionate costs to obtain it").

II. **Defendants' Motion For Protective Order Is Premised On The Undue Burden They Would Incur From Violating A Contractual Confidentiality Obligation**

While RSLS asserts that confidentiality concerns cannot support the entry of a Rule 26(c) protective order, (ECF 52 at 6-7), Defendants' position is not premised on confidentiality alone.[3] Rather, Defendants seek a protective order because producing the materials RSLS seeks, in violation of Defendants' Contract with DoS, could result in serious financial harm that makes compliance with the requests an undue burden. Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense . . ."). In other words, Defendants are not claiming that the materials in question are undiscoverable because they are confidential—only that discovering those materials *from Defendants* would be unduly burdensome.

RSLS cites to *Pierson v. Indianapolis Power & Light Co.*, 205 F.R.D. 646 (S.D. Ind. 2002), in support of its argument that Defendants do not indicate that "DoS takes any position—positive

---

[3] RSLS misquotes *Aikens v. Deluxe Financial Services, Inc.*, 217 F.R.D. 533, 535 (D. Kan. 2003), for the premise that "confidentiality 'is not a basis upon which the Court may enter a Rule 26(c) protective order.'" (ECF 52 at 7). *Aikens* actually states that an objection based on privilege (not confidentiality) is not a basis for a Rule 26(c) protective order, 217 F.R.D. at 535, and RSLS contradicts its original premise in the very next sentence of its Opposition, (*see* 52 at 7).

or negative—regarding Defendants' production" of the discovery at issue, (ECF 52 at 6), but that case is wholly inapposite. In *Pierson*, the court rejected a blanket, stipulated protective order based on threadbare assertions that disclosure of vague categories of information might harm their business. In contrast, Defendants have identified specific contracts at risk and the financial implications of losing those contracts. (ECF 49-7, ¶¶ 9-10).

RSLS's argument is patently incorrect in any event because it ignores that the Contract itself reflects DoS's position on Defendants' production of the requested materials. DoS contracted to impose a strict confidentiality obligation on Defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ DoS is best situated to explain why— whether it is because the Contract involves sensitive security services in dangerous location or for some other reason—but the fact remains that the Contract presents DoS's position on Defendants' production of the materials.[4] Considering this starting point, Defendants' approach to seeking authorization is eminently reasonable.

RSLS does not cite any authority that suggests Defendants must show more.[5] All of RSLS's out-of-circuit cases predate the 2015 amendments to the Federal Rules of Civil Procedure, and

---

[4] RSLS's footnote that "discovery of DoS and agency communications is an unremarkable aspect of litigation involving subcontractors and contract modifications" does not prove anything except that government communications may be relevant in cases where the government is a party. (*See* ECF 52 at 6 n.1 (citing *Constructora Guzman, S.A. v. United States*, 145 Fed. Cl. 656, 660-61 (2019) & *Fox Logistics & Constr. Co. v. United States*, 145 Fed. Cl. 236, 241 (2019)). Neither of these cases involved a government dispute or have any bearing on whether Defendants should be compelled to produce documents in violation of their contractual obligations.

[5] There is something highly incongruous about RSLS cavalierly asserting that Defendants should be forced to violate their Contract with DoS irrespective of the serious injury that could arise therefrom while simultaneously suing Defendants for an alleged breach of the parties' MSA.

5

none address the impact of violating a contractual duty not to disclose requested information. *See Velasquez v. Frontier Medical Inc.*, 229 F.R.D. 197, 200 (D.N.M. 2005) (declining to enter a protective order where the party resisting discovery failed to submit any evidence or affidavits that would substantiate any specific harm); *EEOC v. Roswell Radio, Inc.*, No. CV 04-729 BB/LCS, 2005 WL 8163666, at *2 (D.N.M. Sept. 19, 2005) (declining to enter a protective order based only on the assertion that the requested financial data and employee lists were private and confidential); *Hassan v. United States*, No. C05-1066C, 2006 WL 681038, at *2 (W.D. Wash. Mar. 15, 2006) (rejecting statutorily imposed privacy restrictions as a basis for a protective order). Each case involved *only* confidentiality as the basis for a protective order; none involved objections based on the undue burden of forced violation of a contract worth considerably more than the damages at issue in those lawsuits.

RSLS's characterization of Defendants' position as "self-serving and expedient" is wrongheaded and undermined by RSLS's other arguments that Defendants' position has caused delay. (*See* ECF 52 at 7). As RSLS notes, Defendants' defense in this case relies to some degree on their communications with DoS. As a result, Defendants and RSLS are in the same position in that both need to seek discovery from DoS.[6] To the extent RSLS contends a protective order that would allow for production of the materials in question with "court-approved safeguards" should alleviate any production concerns, (ECF 52 at 7), that argument ignores that *any* production ████████████████████████████████████████ One of RSLS's cited cases

---

[6] Defendants have confirmed multiple times that they are not arguing that *Touhy* or DoS's regulations prohibit disclosure of the materials RSLS seeks, and incorporate those arguments by reference here. (*See, e.g.*, ECF 42-7 at 2; ECF 49 at 6; ECF 50-1 at 15-17).

suggests as much. *See Covad Commc'ns Co. v. Revonet, Inc.*, 258 F.R.D. 5, 11 (D.D.C. 2009) ("Confidentiality is not a basis for withholding information in the ordinary course *if it can be protected by a protective order*") (emphasis added). A protective order that applies to *already-produced* materials does not ameliorate the harm to Defendants from *producing* those materials in violation of their contractual obligations.[7]

### III. RSLS's Requests Are Not Proportional To The Needs Of The Case

Defendants have shown—implicitly in their motion for protective order, (ECF 49 at 11-14), and explicitly in their opposition to RSLS's motion to compel, (ECF 50-1 at 10-13)—that RSLS's requested discovery is not proportional to the needs of the case, which in turn supports entry of their requested protective order. In doing so, Defendants have explained that RSLS's facially overbroad discovery requests reach plainly irrelevant documents and shown that those requests hit on an unacceptably high number of documents (particularly given the limited damages at issue here). RSLS does not refute Defendants' overbreadth and irrelevance arguments, (*compare* ECF 52 at 10-11 *with* ECF 49 at 11-14), nor does it dispute that the 77,000-plus hits is a staggeringly high number. Instead, RSLS complains that Defendants never suggested narrowing the scope of *RSLS's* requests, while simultaneously ignoring that RSLS also has never offered to narrow its own requests.

---

[7] Neither of the other cases RSLS cites for this point address the real issue here, where Defendants have not contended that the materials RSLS seeks are completely undiscoverable. *See First Horizon Nat'l Corp. v. Houston Cas. Co.*, No. 2:15-CV-2235-SHL-DKV, 2016 WL 5867268, at *11 (W.D. Tenn. Oct. 5, 2016) (involving objection to any disclosure based on agency regulation); *Barre v. Obama*, 932 F. Supp. 2d 5, 10 (D.D.C. 2013) (rejecting government attempt to designate as protected information that was already publicly available). Aside from the irrelevant information that would be captured by RSLS's overbroad requests, Defendants do not contend that at least some of their communications with DoS cannot be discovered—only that RSLS should seek the discovery directly from DoS.

7

In any event, RSLS's broad proclamation that overbreadth cannot support a request for a protective order misstates the law, (*see* ECF 52 at 11), as Rule 26(c)(1) permits a court to issue a protective order to "protect a party or person from . . . undue burden or expense." "[E]ven very slight inconveniences can be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it." Wright & Miller, § 2036 Grounds for Protective Orders, 8A Fed. Prac. & Proc. Civ. § 2036 (3d ed.); *see also Fausz v. NPAS, Inc.*, No. 3:15-CV-00145-CRS, 2017 WL 11483897, at *5 (W.D. Ky. Jan. 13, 2017) ("as a party's showing of the need for discovery diminishes, the harassment and oppression required to be shown to justify relief under Rule 26(c)(1)(B) diminishes in equal measure"). Overbroad requests can thus justify imposing a protective order where, as here, the requests seek irrelevant material and involve great expense. *See Surles ex rel. Johnson v. Greyhound Lines Inc.*, 474 F.3d 288, 305 (6th Cir. 2007); *see also* Wright & Miller, § 2036 Grounds for Protective Orders, 8A Fed. Prac. & Proc. Civ. § 2036 (3d ed.) (Rule 26(b)'s prohibition against "disproportionate" discovery applies equally under Rule 26(c)).

## IV.  RSLS's Claim Of Bad Faith Is Meritless

RSLS's claims of bad faith are unfounded and seek to shift blame for the consequences of its own tactical choices to Defendants. (ECF 52 at 11-12). Astoundingly, RSLS points to the fact that Defendants "have not budged" in their stance as proof of bad faith, (*see id.* at 12), but that argument is illogical, and if anything, reflects Defendants' good faith. Defendants did not repeatedly change positions or pull a bait-and-switch to frustrate RSLS's discovery efforts; rather, they participated in meet-and-confers and responded to letters, all while maintaining their position because (not surprisingly) their contractual obligation remained the same. It likewise would have made no sense for Defendants to suggest a protective order covering produced

materials they were not permitted to produce. (*See id.*). If RSLS wanted Defendants to consider alternatives, it had ample opportunity to change or narrow its requests. RSLS chose not to do so.

RSLS is also responsible for any apparent "delay" in resolving this issue. RSLS admits that it has long known Defendants' position, yet RSLS chose to wait until now to raise this issue with the Court. If RSLS wanted the issue addressed sooner, it should have raised it sooner. RSLS also could have sought discovery directly from DoS in parallel with the parties' discussions or this briefing, but again, RSLS chose not to do so. Ultimately, RSLS's purported concern about delay rings hollow where it has insisted on taking and scheduling depositions without knowing how or when it might obtain the supposedly critical discovery at issue in this briefing.[8]

## CONCLUSION

For the reasons set forth in Defendants' opening brief and in this reply brief, Defendants respectfully request that the Court grant its Motion for Protective Order in full.

Dated: June 10, 2022

Respectfully submitted,

*/s/ Tasha C. Blakney*
*/s/ Zachary R. Walden*
TASHA C. BLAKNEY, BPR# 019771
ZACHARY R. WALDEN, BPR# 035376
ELDRIDGE & BLAKNEY, P.C.
The Cherokee Building
400 W. Church Avenue, Suite 101
Knoxville, Tennessee 37902
865.544.2010

---

[8] *Gallina v. Wyandotte Police Dep't*, No. 4:07-CV-12640, 2008 WL 509551, at *2 (E.D. Mich. Nov. 26, 2008), is woefully inapposite. That case involved a recalcitrant pro se plaintiff who failed in every respect to participate in the case or act within the schedule set by the court. Here, Defendants are actively involved in the discovery process, have exchanged responsive letters with RSLS, met and conferred, and have been forthcoming about their positions. RSLS may disagree with Defendants' position, but a disagreement is not evidence of bad faith.