IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| R.S. LOGISTICAL SOLUTIONS, LTD, <br><br> Plaintiff, <br><br> v. <br><br> JANUS GLOBAL OPERATIONS, LLC, and CALIBURN INTERNATIONAL, LLC, <br><br><br> Defendants. | Case No. 3:21-cv-00178-DCLC-JEM |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c) and the Court's August 26, 2022 Order, (ECF 65), and as agreed among Plaintiff R.S. Logistical Solutions, LTD ("RSLS"), Defendant Janus Global Operations, LLC ("Janus"), and Defendant Caliburn International, LLC ("Caliburn") (collectively, the "Parties" and each individually a "Party"), effective as of the date of this Order, and for good cause shown, it is hereby **ORDERED** that this Stipulated Protective Order ("Order") shall apply as follows:

1. **Scope.** This Order applies to all disclosures, affidavits, and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of the above-captioned lawsuit (the "Litigation"), and information derived directly therefrom (hereinafter referred to collectively as "material" or "materials").

2. **Limitations on the Use of All Material**. All material produced in this action, whether or not designated as "Confidential" or for "Attorneys' Eyes Only" pursuant to the procedures outlined below, shall only be used for purposes of the Litigation, and shall not be used for any purpose, or in any other litigation or proceeding, except by Court Order.

3. **Confidential Material Designation.** "Confidential Material" will include, without limitation, information not already publicly available that constitutes trade secrets; confidential research, development, or commercial information, including pricing data; non-public financial data and private individual data; and information of the United States that is subject to conditional or limited disclosure under any applicable federal statute, regulations, other law, or contractual obligation. Material will be deemed "Confidential" if a Party designates it as such in accordance with this Order based on a belief that the document is subject to the protection of Rule 26(c) of the Federal Rules of Civil Procedure. Designation of documents as Confidential Material should be reasonably tailored to the contents of the documents. Confidential Material does not include information that is publicly available or that becomes publicly available (except information that became publicly available as a result of a breach of this Order or any other confidentiality agreement or undertaking).

4. **Form and Timing of Designating Confidential Material**. In designating material as Confidential Material, the Party designating the material (the "Designating Party" or the "Producing Party") shall identify the protected information in the following manner:

(a) **Written Confidential Material**. To the extent practicable, the Designating Party shall stamp or brand each page or image of all written Confidential Materials (including, e.g., documents, written answers to discovery, deposition transcripts, etc.) with the notation "**CONFIDENTIAL**" at the time of production or designation. When electronically

stored information is produced that itself cannot be marked or branded, the electronic file containing Confidential Material shall be renamed to include the notation, e.g., "[FILE NAME] – **CONFIDENTIAL**." If the electronic file cannot be renamed to include the notation, then the physical media on which such electronically stored information is produced shall be marked "**CONFIDENTIAL**."

(b) **Copies.** All copies of Confidential Material, or any individual portion of such a document, shall be marked with the designation "**CONFIDENTIAL**," as appropriate, if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents, provided such indices, electronic databases, or lists do not contain substantial portions or images of the text of Confidential Material or otherwise disclose the substance of the Confidential Material.

(c) **Previously Produced Documents**. To the extent any Party has already produced documents in this Litigation that have been stamped "CONFIDENTIAL," those documents will be deemed to be covered by this Order. The Parties further agree that any "Confidential" or similar designation found on a previously produced document shall be treated as though the document was properly designated under Paragraphs 4(a), 4(b), 4(d), or 4(e) of this Order. This does not, however, restrict a Party's ability to designate a document as Confidential in this Litigation, even if the Party did not previously designate it as such when initially produced. Any challenges to the Confidentiality designations of previously produced materials must be brought using the procedures set forth in Paragraph 7 of this Order.

(d) **Depositions**. Deposition testimony shall be presumptively deemed Confidential Material for a period of twenty-one (21) calendar days following receipt of the final

3

transcript by counsel for the deponent (or counsel for the Parties if the deponent is not represented by counsel). Within twenty-one (21) calendar days following receipt of the final transcript, the Parties shall review the transcript and specifically designate portions of the transcript **"CONFIDENTIAL,"** as appropriate, by notifying all counsel of record in writing of said designation. Such designation shall be specific as to the portions of the transcript designated for protection under this Agreement. Thereafter, the deposition testimony so designated shall be protected, pending resolution of any objection, under the terms of this Order.

(e) **Confidential – Attorneys' Eyes Only Designations.** A Designating Party may designate certain Confidential Material for "Attorneys' Eyes Only" if the Designating Party believes that such documents or information are of a highly sensitive nature, including but not limited to proprietary pricing or other competitively sensitive information belonging to the Designated Party or provided it to the Designating Party by a Third Party in the ordinary course of business. Confidential Attorneys' Eyes Only materials shall be maintained in the custody of outside counsel and may only be shown to the persons identified in Paragraphs 5(a)(1), (3)-(6) and (8), unless otherwise agreed in writing by the Designating Party or otherwise ordered by the Court. Confidential Material that is so designated shall be stamped or branded with the legend "**CONFIDENTIAL – ATTORNEYS' EYES ONLY**." For the avoidance of confusion, documents and information designated as "**CONFIDENTIAL – ATTORNEYS' EYES ONLY**" constitute Confidential Material under this Order and the other protections listed herein shall apply in full to material so identified and marked.

(f) **Inadvertent Failures to Designate.** If a Party discovers that it produced material that was not designated as Confidential Material, or that it incorrectly designated produced Confidential Material as the wrong category of such material, that Party may promptly

4

notify all other Parties of the error in writing and identify (by Bates number) the affected material and its new designation or re-designation. Thereafter, the material so designated or re-designated shall be treated as Confidential Material in conformity with the new designation or re-designation. Promptly after providing such notice, the Designating Party shall provide to all other Parties re-labeled copies of the material in question. Each Receiving Party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material. To the extent such information may have been disclosed to anyone not authorized to receive Confidential or Attorneys' Eyes Only Material under the terms of this Order, the Receiving Party shall make reasonable efforts to retrieve the Confidential Material promptly and to avoid any further disclosure. If corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Confidential – Attorneys' Eyes Only" does not waive the Designating Party's right to secure protection under this Order for such material.

(g) **Upward Designation of Information or Items Produced by Other Parties or Non- Parties.** A Party may upward designate (i.e., change the confidentiality designation of any produced material) any material produced by another Party or Third Party, provided that said material contains the upward designating Party's own Confidential Information (as defined above) or otherwise is entitled to protection under Federal Rule of Civil Procedure 26(c) or other law, foreign or domestic, such that the upward designation is appropriate under the terms of this Order. The upward designating Party shall provide written notice to all other Parties identifying (by Bates number or other individually identifiable information) the material in question within thirty (30) days of production by the originally disclosing Party or Third Party. Failure to upward designate within thirty (30) days of

5

production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Confidential Material or from moving the Court for such relief. Any Party may object to the upward designation of discovery materials pursuant to the procedures set forth in Paragraph 7 regarding challenging designations. For documents and information produced before the entry of this Order, the Parties agree that the thirty-day clock begins to run from the date of entry of this Order.

    5.    **Protection of Confidential Material**. Confidential Material shall be used only for the purposes of the litigation of this action, and of any appeal thereof, and shall not be used for any purpose, or in any other litigation or proceeding, except by Court Order, and may only be disclosed as follows.

    (a)    **Persons Who May Review Confidential Materials**. Confidential Materials shall not be provided or disclosed to any person or entity except as set forth in subparagraphs 5(a)(1)-(8) immediately below.

    (1)    <u>Counsel of Record.</u> Counsel of Record in this Litigation for the Parties, and employees and agents of Counsel of Record who have responsibility for the preparation and trial of this Litigation, including any independent litigation support providers or contract attorneys retained by counsel to assist in this action, and their employees, contractors, and agents whose duties and responsibilities in connection with this Litigation require access to Confidential Material.

    (2)    <u>In-House Counsel for the Parties.</u> In-house counsel for the Parties who have responsibility for the preparation and trial of this Litigation, including any paralegals or administrative personnel employed by the Parties and assigned to work for

or with in-house counsel or counsel of record in connection with the preparation and trial of this Litigation.

   (3) <u>The Court.</u> The Court and its personnel having responsibility for this Litigation.

   (4) <u>Court Reporters and Recorders.</u> Court reporters and recorders engaged for depositions in this Litigation.

   (5) <u>Persons Creating or Receiving Confidential Material.</u> Any person who authored or received the Confidential Material in the ordinary course outside of this Litigation.

   (6) <u>Consultants, Experts, and Investigators.</u> Consultants, experts, or investigators employed by the Parties or counsel for the Parties to assist in the preparation and trial of this Litigation or any appeal thereof, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound.

   (7) <u>Fact Witnesses.</u> Fact witnesses called for testimony in depositions or at trial in this Litigation, who are not otherwise authorized by this Agreement to review Confidential Material, but only after such persons execute the certification contained in Attachment A, Acknowledgement and Agreement to be Bound, and provided that the Confidential Material shall only be used for the purpose of assisting the preparation or examination of the witness, and further provided that Confidential Material shall not be left in the possession of such fact witnesses.

   (8) <u>Others by Consent or Order.</u> Other persons only by written consent of the Producing Party or upon order of the Court, and on such conditions as may

be agreed or ordered, and only after such persons execute the certification contained in Attachment A, Acknowledgment and Agreement to be Bound.

(b)     Documents designated and marked as "**CONFIDENTIAL – ATTORNEYS' EYES ONLY**" shall be disseminated only to those persons identified in Paragraph 4(e), above.

(c)     **Acknowledgement and Agreement to be Bound.** Before any Confidential Material is disclosed to any of the persons provided in Paragraph 5(a)(5)-(8), each such person shall be given a copy of this Order and shall execute an agreement to be bound by its terms in the form attached as Attachment A, Acknowledgement and Agreement to be Bound. Any witness shall also be advised that he or she is bound by the terms of this Order, regardless of whether he or she executes an Acknowledgement and Agreement to be Bound. The refusal of a witness to execute an Acknowledgement and Agreement to be Bound shall not prohibit a Party from using Confidential Material in deposition or trial testimony with such witness. The Party disclosing Confidential Material to a person shall retain that person's executed Acknowledgement and Agreement to be Bound.

(d)     **Control of Documents.** Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Confidential Material. Notwithstanding anything to the contrary herein, Confidential Material shall be maintained in a secure location, and any such information maintained in electronic format shall be subject to password protection. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Agreement for a period of one (1) year after dismissal of the Litigation, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

(e) **Filing Under Seal.** In the event that Counsel for any Party determines to file or submit in writing to the Clerk of Court's office or file on ECF any Confidential Material, or any papers containing or making reference to the substance of such material or information, such documents or portions thereof containing or making reference to such material or information shall be filed in redacted form or under seal in accordance with the rules of the Court, including L.R. 26.2, Rule 12.2 of the Electronic Case Filing Rules and Procedures, and the Court's Memorandum and Order Regarding Sealing Confidential Information (ECF No. 8). The Parties will attempt to resolve any disputes regarding confidentiality designations in advance of any such filing or submission to the extent possible. Where a dispute remains regarding confidentiality designations in advance of any such filing or submission, or where the Parties are unable to confer in advance of the filing or submission, Counsel for the filing Party shall file any Confidential Material under seal and shall file in redacted form or under seal any documents or portions containing or making reference to such material. Filing under seal shall be without prejudice to any Party's right to argue to the Court that such document is not Confidential Material and need not be preserved under seal.

6. **Party Data**. Any Party may use or be shown its own Confidential Material without execution of an Acknowledgement and Agreement to be Bound, and nothing in this Order shall impose any restriction on the use or disclosure by a Party of its own Confidential Material.

7. **Challenges by a Party to a Designation for Protection Under this Agreement**. Should any Party wish to challenge any designation of Confidential Material, such challenge shall be made by motion pursuant to this Paragraph. Before filing any such motion, the Party objecting to the designation (the "Objecting Party") shall meet and confer with the Designating

9

Party in a good faith effort to resolve the objection by agreement. If the Parties agree that the designation of Confidential Material should be withdrawn, the Designating Party shall serve on all Parties a notice identifying the documents and the nature of the agreement to withdraw the designation. If the Parties do not reach an agreement, the designation of Confidential Material will remain in place without notice, and the Objecting Party may file a motion with the Court challenging the designation. If such a motion is filed, the Designating Party shall have the burden of showing that the designation is proper. The Parties shall continue to treat the challenged material as Confidential Material while the motion is pending.

8. **Limited Effect of Failure to Object to Designation**. Any failure to object to or challenge another Party's designation of Confidential Material, or any failure to object to or challenge another Party's request to file a document under seal, shall mean only that such material is subject to this Order, and is not and shall not be deemed an agreement or concession that such material is confidential or proprietary, comprises or reflects a trade secret or trade secrets, or otherwise has any particular status under applicable law.

9. **Claw Back of Privileged Material**.

(a) "Privileged Material" refers to material protected from disclosure under the attorney-client privilege, work product doctrine, United States or foreign bank disclosure laws or regulations, and/or any other applicable United States or foreign statute, law, regulation, privilege, or immunity from disclosure.

(b) To claw back inadvertently produced Privileged Material, the Producing Party must provide written notice within twenty-one (21) days of discovering such inadvertent production, specifying the Bates number of such Privileged Material it wishes to claw back, and the basis of the claim that the material is privileged or protected from disclosure.

(c) Upon notice that a Producing Party wishes to claw back inadvertently produced Privileged Material, all other Parties shall promptly undertake commercially reasonable efforts to return to the Producing Party or destroy all clawed back Privileged Material, all summaries of said material, and all copies of such Privileged Material; shall provide notice in writing that the Receiving Party has undertaken reasonable efforts to return and destroy such Privileged Material; and shall not use such items for any purpose until further order of the Court or agreement of the Parties. In all events, such return, destruction, and certification must occur within ten (10) days of receipt of the request.

(d) If the Receiving Party seeks to challenge the privileged or protected nature of the material, the Receiving Party must still return, delete, or destroy the material, as well as all notes, summaries, or other work product prepared about or referencing the contents of the document within ten (10) days, but may then file a motion to seek re-production of the material. In this motion, and in any further briefing, the Receiving Party must not publicly disclose the information claimed to be privileged. Instead, the Receiving Party may present the information to the Court *in camera* and under seal for a determination of the privilege claim and any party in possession of the information must preserve the information until the privilege claim is resolved. The Receiving Party must raise a challenge with the Court within thirty (30) days of the claw back notice, but only after meeting and conferring in good faith with the Producing Party. The Producing Party may file a response under seal within fourteen (14) days of the filing of the motion, and the Receiving Party may file a reply in support of the motion within seven (7) days of the filing of the response. The burden of proving the privilege claims belongs to the Producing Party.

11

(e) Pending resolution of the motion for re-production, the Parties shall refrain from using the challenged information contained in the document for any purpose and shall not disclose such information to any person other than those required by law to be served with a copy of the sealed motion.

(f) If, during a deposition, a Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains Privileged Material, it may at its sole election (a) allow the document to be used in the deposition without waiver of its claim of privilege or other protection or (b) instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product protected status. If the Producing Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties shall sequester all copies of the purportedly Privileged Material. Immediately following the deposition, the Parties will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection, including the notice requirement. Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Confidential Material. If any Party instructs the witness not to answer questions concerning the document, and any Party wishes to have the issue resolved by the Court, the Parties will then cooperate in promptly submitting the issue of the document's status to the Court. If the document is ultimately determined not to be privileged or subject to other protection, the Party or entity asserting the claim of privilege will be responsible for ensuring that the deposing Party is given an opportunity to depose the witness about the document, which in the case of Party-witnesses (or their current employees) or any former employees of a Party who are represented by Counsel for such Party shall be within thirty (30)

calendar days of said determination, and in the case of other non-Party witnesses shall be within fourteen (14) calendar days of the determination.

(g) Pursuant to Fed. R. Evid. 502(d), if a Party at any time notifies any other Party that it, for any reason, disclosed documents, testimony, information, and/or things that are protected as Privileged Material, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure alone, pursuant to Rule 502(d), shall not be deemed a waiver—in the Litigation or in any other proceeding, including in federal or state proceedings—of any applicable privilege or protection.

10. **Action by the Court**. Applications to the Court for an order relating to any Confidential Material shall be by motion under the Local Rules of this Court and any other procedures set forth in the Court's standing orders or other relevant orders. Nothing in this Order or any action or stipulation of a Party under this Order shall limit the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial**. Absent order of the Court, all trials are open to the public and there will be no restrictions on the use at trial of any Confidential Material. If a Party intends to present Confidential Material or information derived therefrom (e.g., summary exhibits) at trial, such Party shall provide advance notice to the designating party at least thirty (30) days before the commencement of trial by identifying the Confidential Material as specifically as possible (e.g., by Bates number, page range, deposition transcript lines, etc.). Upon motion of the Designating Party, the Court may make such orders as are necessary to govern the use of such documents or information at trial.

12. **Obligations on Conclusion of Litigation**.

    (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force for one year after dismissal or entry of final judgment in the Litigation and the exhaustion of all appeals, unless terminated sooner by Court order.

    (b) **Return of Documents Designated for Protection Under this Agreement.** Within sixty (60) days after dismissal of the Litigation, or after all rights of appeal of a final judgment in the Litigation have been exhausted, all Confidential Materials under this Order, including copies, shall be returned to the Producing Party unless: (1) the material has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction in lieu of return and certifies to the Producing Party after it has destroyed the documents; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents and certifies to the Producing Party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the Parties even though they may contain Confidential Material. Counsel may also retain attorney work product, including an index, which refers or relates to Confidential Material, so long as that work product does not duplicate verbatim substantial portions of the text or images of Confidential Material. This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation.

    (c) **Return of Documents Filed under Seal.** Unless otherwise ordered by the Court or required by the Clerk of the Court, after dismissal or entry of final judgment in the Litigation and the exhaustion of all appeals, the Parties may seek that the Clerk of the Court

14

Case 3:21-cv-00178-DCLC-JEM   Document 68   Filed 09/06/22   Page 14 of 19   PageID #: 637

return to counsel for the Parties or destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

13. **Order Subject to Modification by Court**. This Order may be modified or amended only by the following: a stipulation signed by the Parties and ordered by the Court; on the motion of either Party to this Litigation; by motion of another person with standing concerning the subject matter; or by the Court's own motion.

14. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a determination that any documents designated for protection under this Agreement are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

15. **Persons Bound**. The terms of this Order shall take effect as of the date the Order is entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

16. **Third Parties**. A Party seeking discovery from a third party shall, as appropriate or upon request, provide a copy of this Order to the third party. Third parties that elect to avail themselves of the terms and conditions of this Order shall execute an agreement to be bound by its terms in the form attached as Attachment A, Acknowledgement and Agreement to be Bound, which shall be retained by the Party seeking discovery from such third party. Upon executing the Acknowledgement and Agreement to be Bound, such third party shall become a "Designating Party" or a "Producing Party" as those terms are used in the context of this Order.

17. **Disclosure Contravening Agreement**. If a Party learns that any Confidential Material is disclosed to or comes into the possession of any person other than in the manner authorized by this Order, the Party responsible for the disclosure must immediately inform the Designating Party of such disclosure and make a good faith effort to retrieve any information so disclosed and to prevent disclosure by each unauthorized person who received such information.

18. **Subpoena or Service of Process Regarding Covered Documents**. In the event that any Confidential Material is sought by any person or entity not a Party to this action by subpoena in another action or by service of legal process, the Party receiving such request shall promptly notify the Designating Party in writing. Any such person or entity seeking Confidential Material by attempting to enforce such subpoena or other legal process shall be apprised of this Order by the Party upon whom the subpoena or process was served. Nothing herein shall be construed as requiring anyone covered by this Order to contest a subpoena or other process, to appeal any order requiring production of any Confidential Material, or to subject itself to penalties for non-compliance with any legal process or order.

19. **Right to Assert Other Objections**. By stipulating to the entry of this Order, no Party waives any right it otherwise might have to object to disclosing or producing any information or item on any ground, including confidentiality. Similarly, no Party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

20. **Client Consultation**. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this Litigation and, in the course thereof, relying on examination of Confidential Material; provided, however, that in rendering such advice and

16

otherwise communicating with such client, counsel shall not make specific disclosure of any document so designated except as otherwise authorized by this Agreement.

**SO ORDERED** this _____ day of _____, 2022.

 

_____
Hon. Jill E. McCook
United States Magistrate Judge

**STIPULATED AND AGREED:**

| | |
|---|---|
| /s/ *Kimberly West* | /s/ *Tasha C. Blakney* |
| Kimberly West (*pro hac vice*) | Tasha C. Blakney, BPR #019771 |
| Michael J. Sullivan (*pro hac vice*) | ELDRIDGE & BLAKNEY, P.C. |
| Nathan P. Brennan (*pro hac vice*) | The Cherokee Building |
| ASHCROFT SULLIVAN, LLC | 400 W. Church Avenue, Suite 101 |
| 200 State Street, 7th Floor | Knoxville, TN 37902 |
| Boston, MA 02109 | P: (865) 544-2010 |
| P: 617-573-9400 | F: (865) 544-2015 |
| kwest@ashcroftlawfirm.com | tblakney@eblaw.us |
| msullivan@ashcroftlawfirm.com | |
| nbrennan@ashcroftlawfirm.com | Alex E. Hassid (admitted *pro hac vice*) |
| | BLANK ROME LLP |
| Lawrence J. Laurenzi (TN Bar No. 9529) | 1271 Avenue of the Americas |
| Sarah E. Stuart (TN Bar No. 35329) | New York, NY 10020 |
| BURCH, PORTER & JOHNSON, PLLC | P: (212) 885-5000 |
| 130 North Court Avenue | F: (212) 885-50001 |
| Memphis, TN 38103 | Alex.hassid@blankrome.com |
| llaurenzi@bpjlaw.com | |
| sstuart@bpjlaw.com | *Counsel for Defendants Janus Global Operations, LLC and Caliburn International, LLC* |
| *Counsel for Plaintiff R.S. Logistical Solutions, LTD* | |

Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| R.S. LOGISTICAL SOLUTIONS, LTD, <br><br> Plaintiff, <br><br> v. <br><br> JANUS GLOBAL OPERATIONS, LLC, and CALIBURN INTERNATIONAL, LLC, <br><br> Defendants. | Case No. 3:21-cv-00178-DCLC-JEM |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that they have has read the Stipulated Protective Order entered in the above-captioned action, understands the terms thereof, and agrees to be bound by its terms. The undersigned further submits to the jurisdiction of the United States District Court for the Eastern District of Tennessee in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use Confidential Materials in strict accordance with the Order and solely for the purposes of the above-captioned action, and to not disclose any Confidential Materials or information derived directly therefrom to any other person, firm, or concern unless authorized by the Order.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties.

Name: _____

Business Address: _____

_____

_____

Date: _____     Signature: _____

2