# EXHIBIT A

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

| | | |
|---|---|---|
| R.S. LOGISTICAL SOLUTIONS LTD,<br>*Plaintiff*<br>v.<br>JANUS GLOBAL OPERATIONS, LLC, and CALIBURN INTERNATIONAL, LLC,<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 21-CV-178 |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Indian Ocean Properties LLC

*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Ashcroft Law Firm, LLC<br>200 State Street, 7th Floor,<br>Boston, MA 02109 | Date and Time:<br>10/31/2022 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/29/2022

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 21-CV-178

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________________________________
______________________________________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ____________________________________
______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## I. DEFINITIONS

The following definitions shall apply to each of the document Requests set forth below and are deemed to be incorporated in each Request.

1. **"Action"** refers to *R.S. Logistical Solutions LTD v. Janus Global Operations, LLC and Caliburn International, LLC*, Case No. 3:21-cv-00178, pending in the United States District Court for the Eastern District of Tennessee.

2. **"Plaintiff"** or **"RSLS"** means R.S. Logistical Solutions LTD, the plaintiff in the aforementioned Action.

3. **"Defendant"** or **"Defendants"** refers collectively the defendants in the aforementioned Action, namely, Janus Global Operations, LLC ("Janus"), Caliburn International, LLC ("Caliburn"), and their predecessors, successors, parents, subsidiaries, divisions or affiliates, including, but not limited to, Sallyport Global Holdings, Inc. and Acuity International, LLC.

4. **"Indian Ocean"**, **"You"** or **"Your"** refers to Indian Ocean Properties LLC and its predecessors, successors, parents, subsidiaries, divisions or affiliates—including, but not limited to, Bancroft Global Development, LLC and Bancroft Global Investments LP—and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions in area and regional offices, and employees, including persons or entities outside the United States or anyone acting on Indian Ocean's behalf.

5. **"SOC"** means SOC, LLC and its predecessors, successors, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

6. **"SKA"** means SKA Home Lodge, the facility owned by SKA Somalia and located inside the Mogadishu International Airport compound.

7. **"Somalia Task Order"** refers to the task order awarded to Janus in/around September 2019 under request for proposals ("RFP") No. 19AQMM19R0112, issued by the Department of State for protective guard services, static guard services, and specialized security services to be provided at the U.S. Mission Somalia, which award was challenged by SOC in a bid protest that was denied in an GAO decision dated December 30, 2019.

8. **"Communication"** or **"Communications"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), or attempt to transmit information, whether written, oral, electronic or by any other means.

9. **"Correspondence"** means any letter, memorandum, note, e-mail, facsimile, text message, instant message, internet message board posting, or any other writing containing a Communication from one person or persons to another or others.

10. **"Document(s)"** has the broadest meaning permitted by the Federal Rules of Civil Procedure, including without limitation any written, recorded, graphic, or other matter, whether sent or received or made or used internally, however produced or reproduced and whatever the medium on which it was produced or reproduced (whether on paper, cards, charts, files, printouts, tapes, discs, belts, video tapes, audiotapes, tape recordings, cassettes, or other types of voice recording or transcription, computer tapes, databases, emails, pictures, photographs, slides, films, microfilms, motion pictures, or any other medium), and any other tangible item or thing of readable, recorded, or visual material of whatever nature including without limitation originals, drafts, electronic documents with included metadata, and all non-identical copies of each

document (which, by reason of any variation, such as the presence or absence of handwritten notes or underlining, represents a separate document within the meaning of this term).

11. **"Electronic Data"** means the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of Electronic Data of any kind or description. Such data may include, but is not limited to, all text files (including word processing Documents), presentation files (such as PowerPoint), spreadsheets, electronic mail files and information concerning electronic mail (including electronic mail receipts or transmittals, logs of electronic mail history and usage, header information, and deleted files), internet history of files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, and the like. Electronic Data includes, but is not limited to, any and all items stored on any electronic media, computers, or networks and backup files containing electronically stored data.

12. **"Person"** or **"persons"** means any natural person, public or private corporation, whether or not organized for profit, governmental entity, partnership, association, cooperative, joint venture, sole proprietorship or other legal entity. With respect to a business entity, the term "person" includes any natural person acting formally or informally as a director, trustee, officer, agent, attorney or other representative of the business entity.

13. **"Concerning"** means constituting, evidencing, reflecting, referring to, incorporating, effecting, including, or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request.

14. **"Refer"**, **"relate"**, **"referring"** or **"relating"** means all Documents that comprise, explicitly or implicitly refer to, were reviewed or received in conjunction with or were created, generated or maintained as a result of the subject matter of the Request, including, without limitation, all Documents that reflect, record, memorialize, embody, discuss, evaluate, consider, review or report on the subject matter of the Request.

15. **"Identify"**, when used in reference to a Document, means to state its formal and informal title(s), subject matter or nature, date(s) of preparation, and date(s) of use, and to identify the person(s) who signed it or under whose name the Document was issued, the author(s), addressee(s), and recipient(s) of the Document, and its present or last known custodian.

a. When used in reference to a natural person, *Identify* means to state the person's full name, present (or last known) business and home address(es) and phone number(s), e-mail address(es), and that person's employment title(s) or position(s) at the relevant time.

b. When used in reference to an entity other than a natural person, *Identify* means to state the full name of the entity, the type of entity, and the address and phone number of the entity's principal place of business or operations, as applicable.

c. When used in reference to a discussion or other non-written Communication, *Identify* means to (a) state its date and its physical location (or to identify how the Communication or discussion took place if not in person, e.g., by telephone), (b) identify each person(s) who participated in, was in attendance for, was dialed in for, or otherwise participated in the discussion or Communication; and (c) state the substance of the discussion or Communication, and of any responses exchanged.

## II. RULES OF CONSTRUCTION

The following rules of construction shall apply to all Requests:

16. **"All"**, **"any"** and **"each"** shall be construed as all, any, and each to bring within the scope of the Request all responses that might otherwise be construed to be outside the scope of the Request.

17. **"And"** and **"or"** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be construed to be outside of its scope.

18. **Singular/plural**. The use of the singular form of any word includes the plural, and vice versa.

## III. INSTRUCTIONS

A. All Documents shall be produced as they are maintained in the ordinary course of business and shall be produced in their original folders, binders, covers or containers, or facsimile thereof, i.e., Documents maintained electronically shall be produced in the manner in which such Documents are stored and retrieved.

B. In responding to these Requests, You shall produce all responsive Documents (including those stored electronically) that are in Your possession, custody or control, or in the possession, custody or control of Your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of Your respective directors, officers, managing agents, agents, employees, attorneys, accountants or other representatives. A Document shall be deemed to be within Your control if You have the right to secure the Document or a copy of the Document from another person having possession or custody of the Document.

C. Pursuant to the Federal Rules of Civil Procedure, You are to produce for inspection and copying by Plaintiff original Documents, including those stored electronically, as they are kept in the usual course of business. If the original is not in Your custody, then a copy thereof, and all non-identical copies that differ from the original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

D. If production of Documents is withheld on the grounds of privilege, as to each such withheld Document state the following information:

(1) which privilege is claimed;

(2) who is asserting the privilege;

(3) a precise statement of the facts upon which said claim of privilege is based;

(4) the following information describing each purportedly privileged Document:

i. a brief description sufficient to identify its nature, *i.e.*, agreement, letter, memorandum, type, etc.;

ii. a brief description sufficient to identify its subject matter and the purpose of the Document;

iii. the date it was prepared;

iv. the date it bears;

v. the date it was sent;

vi. the date it was received;

vii. the identity of the person preparing it;

viii. the identity of the person sending it;

ix. the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

x. a statement as to whom each identified person represented or purported to represent at all relevant times;

xi. all persons to whom its contents have been disclosed; and

xii. a precise description of the place where each copy of that Document is kept, including the title or description of the file in which said Document may be found and the location of such file.

E. If a portion of any Document responsive to these Requests is withheld under claim of privilege pursuant to Instruction D above, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted.

F. If You contend that responding to these Requests would impact a privilege claim by a third party, in addition to complying with Instruction D above, Plaintiff shall promptly inform such third party of these Requests so that it will have notice and the opportunity to intervene and protect any interests, arguments or concerns it may have.

G. You are to produce each Document requested herein in its entirety, without deletion or excision (except as qualified by Instructions D–F above), regardless of whether You consider the entire Document to be relevant or responsive to the Requests.

H. Whenever a Document is not produced in full or is produced in redacted form, so indicate on the Document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of Your knowledge, information, and belief, and with as much particularity as possible, those portions of the Document that are not being produced.

I. If a Document responsive to these Requests was at any time in Your possession, custody or control but is no longer available for production, as to each such Document state the following information:

(1) whether the Document is missing or lost;
(2) whether the Document has been destroyed;
(3) whether the Document has been transferred or delivered to another person and, if so, at whose request;
(4) whether the Document has been otherwise disposed of; and
(5) a precise statement of the circumstances surrounding the disposition of the Document and the date of disposition.

J. With respect to any category of Documents, the production of which You contend is in some way "burdensome" or "oppressive," please state the specific reasons for that objection.

## IV. RELEVANT PERIOD

All Requests herein refer to the period of December 30, 2019 through June 1, 2020 (the "Relevant Period"), unless otherwise specifically indicated, and shall include all Document(s) that

relate, in whole or in part, to such period even though dated, prepared or received before or after that period. If a Document from before or after this period is necessary for a correct or complete understanding of any Document covered by a Request, You must produce the earlier or subsequent Document as well. If any Document is undated and the date of its preparation cannot be determined, the Document shall be produced if otherwise responsive to the production Request.

## V. DOCUMENTS REQUESTED FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to identify all persons employed by, affiliated with, or acting as an agent of Indian Ocean, who exchanged any Documents, Correspondence or any Communications with Defendants during the Relevant Period.

REQUEST FOR PRODUCTION NO. 2:

All Correspondence and Communications between Elise Wilson and any persons employed by, affiliated with, or acting as an agent of Defendants, and Documents sufficient to identify all discussions, meetings or non-written Communications between Elise Wilson and Defendants.

REQUEST FOR PRODUCTION NO. 3:

All Correspondence and Communications between Christine Bowman a/k/a Christine Bowman Jones and any persons employed by, affiliated with, or acting as an agent of Defendants, and Documents sufficient to identify all discussions, meetings or non-written Communications between Christine Bowman and Defendants.

REQUEST FOR PRODUCTION NO. 4:

All Documents, Correspondence and Communications concerning or relating to any request made by or on behalf of Defendants for Indian Ocean to provide an estimate, proposal, quote, or pricing for the provision of secured housing and/or life support services in Somalia.

REQUEST FOR PRODUCTION NO. 5:

All Documents, Correspondence and Communications concerning or relating to any estimate, proposal, quote, or pricing provided by Indian Ocean to any persons employed by, affiliated with, or acting as an agent of Defendants relating to the provision of secured housing and/or life support services in Somalia.

REQUEST FOR PRODUCTION NO. 6:

All email Correspondence and Communications between Indian Ocean and any persons employed by, affiliated with, or acting as an agent of Defendants, sent or received by the following email accounts:

manager@iop-somalia.com

internationalcampus@iop-somalia.com

accounting@iop-somalia.com

icsomalia@gmail.com

REQUEST FOR PRODUCTION NO. 7:

All Documents, Correspondence and Communications between Indian Ocean and any persons employed by, affiliated with, or acting as an agent of Defendants relating to prices or the negotiation of prices for accommodations at the International Campus.

REQUEST FOR PRODUCTION NO. 8:

All Documents, Correspondence and Communications between Indian Ocean and any persons employed by, affiliated with, or acting as an agent of Defendants relating to the prices or rates for secured housing at the SKA facility within Mogadishu International Airport.

REQUEST FOR PRODUCTION NO. 9:

All Documents, Correspondence and Communications between Indian Ocean and any persons employed by, affiliated with, or acting as an agent of Department of State relating to the provision of secured housing and life support services at the SKA facility within Mogadishu International Airport as described in Janus's Somalia Task Order proposal submitted to Department of State.

REQUEST FOR PRODUCTION NO. 10:

All Documents, Correspondence and Communications between Indian Ocean and SOC relating to and/or indicating (a) the prices of Indian Ocean's provision of secured housing and/or life support services incorporated in SOC's proposal submitted to Department of State for the Somalia Task Order at any time in 2019 and (b) the prices of Indian Ocean's provision of secured housing and/or life support services to SOC and Janus, respectively, from December 30, 2019 through June 1, 2020.

REQUEST FOR PRODUCTION NO. 11:

All Documents, Correspondence and Communications between Indian Ocean and any persons employed by, affiliated with, or acting as an agent of Defendants relating to any proposed or actual lease agreement for Indian Ocean's provision of secured housing and/or life support services to Janus.

REQUEST FOR PRODUCTION NO. 12:

All email Correspondence and Communications sent by, received from, or containing any reference to the following individuals, entities or email domains, during the Relevant Period:

Dominic Sabruno a/k/a Nick Sabruno

Jeffrey Gorumba

Benjamin Rupenthal

Randy Leonard

Michael Reynolds

Steven Giles

Thomas Heasley

JoAnne Lowann

Neville Viviers

Daniel Breytenbach

SKA

African Skies Limited

@caliburnintl.com

@sallyportglobal.com

@acuityinternational.com

@state.gov

Civil Action No. **21-CV-178**

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for **Indian Ocean Properties LLC**
was recieved by me on **10/04/2022:**

☐ I personally served the summons on the individual at *(place)* on *(date)* ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☒ I served the summons on **McKenna JOHNSON** , who is designated by law to accept service of process on behalf of **Indian Ocean Properties LLC 10/06/2022**; or

☐ I returned the summons unexecuted because ; or

☐ Other *(specify)*

My fees are $ 0 for travel and **$ 200.00** for services, for a total of **$ 200.00**.

I declare under penalty of perjury that this information is true.

Date: 10/13/2022

Jacqueline Gray

*Server's signature*

**Jacqueline Gray**

*Printed name and title*

**7816 LELAND ROAD**
**Manassas, VA 20111**

*Server's address*

Additional information regarding attempted service, etc:

**Thu 10/06/2022 02:43 PM at 750 17th St NW Fl 11 Washington, DC 20006: I delivered the documents to McKenna JOHNSON who indicated they were the person authorized to accept with identity confirmed by physical description. The individual accepted service with direct delivery. The individual appeared to be a black-haired black female contact 25-35 years of age, 5'6"-5'8" tall and weighing 120-140 lbs.**

Tracking #: **0094837090**

Civil Action No. **21-CV-178**

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for **Indian Ocean Properties LLC**
was recieved by me on **9/30/2022:**

☐ I personally served the summons on the individual at *(place)* on *(date)* ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☒ I served the summons on **Corporation Service Company**, who is designated by law to accept service of process on behalf of **Indian Ocean Properties LLC 09/30/2022**; or

☐ I returned the summons unexecuted because ; or

☐ Other *(specify)*

My fees are $ 0 for travel and **$ 200.00** for services, for a total of **$ 200.00**.

I declare under penalty of perjury that this information is true.

Date: 10/13/2022

[signature]
*Server's signature*

**Christina Song**
*Printed name and title*

**937 Grant Rd**
**Folcroft, PA 19032**

*Server's address*

Additional information regarding attempted service, etc:

**Fri 09/30/2022 12:26 PM at 251 Little Falls Drive Wilmington, DE 19808: I delivered the documents to Corporation Service Company, Registered Agent with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired white female contact 5'8"-5'10" tall and weighing 180-200 lbs.**

Tracking #: **0094838948**

