UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| R.S. LOGISTICAL SOLUTIONS, LTD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-CV-178-DCLC-JEM |
| | ) | |
| JANUS GLOBAL OPERATIONS LLC, and | ) | |
| CALIBURN INTERNATIONAL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Compel [Doc. 78]. Defendants responded in opposition to the motion [Doc. 79], and Plaintiff filed a reply [Doc. 80]. The motion is ripe for adjudication. For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion [**Doc. 78**].

I.      **BACKGROUND**

The parties' dispute relates to the Memorandum and Order the Court entered on August 26, 2022 ("August 26 Order") [Doc. 65], which disposed of Plaintiff's motion to compel [Doc. 42] and Defendants' motion for protective order [Doc. 49]. At the heart of the parties' disputes was whether Defendants were required to produce communications to/from their customer, the United States Department of State ("DOS"). Citing to a confidentiality provision in their contract with the DOS, Defendants moved for a protective order to relieve them of their obligations to produce

1

documents and communications to/from the DOS. Defendants also argued that several of the discovery requests were overbroad. Plaintiff moved to compel these documents.

The Court found that the confidentiality provision in Defendants' contract with the DOS did not triumph the Federal Rules of Civil Procedure [Doc. 65 pp. 7–8]. The Court denied Defendants' request for a protective order and granted Plaintiff's motion to compel in part. Specifically, the Court ordered as follows:

> To the extent Defendants have objected to Plaintiff's discovery requests as overly broad (i.e., RFP Nos. 2, 3, 17 and Interrogatory Nos. 1 & 2), the Court **ORDERS** the parties to participate in a meet and confer **within fourteen (14) days** to discuss the specific documents Plaintiff seeks in response to the discovery requests and what appropriate parameters can be put into place to avoid undue expense and burden. Should they arrive at an impasse, they may contact chambers to schedule a hearing. To the extent Defendants have objected solely based on the confidentiality provision (i.e., RFP Nos. 1 & 11 and Interrogatory 10), the Court **ORDERS** Defendants to produce the requested documents within **thirty (30) days** of entry of the protective order.

[*Id*. at 15].[1] In footnote seven, the Court noted:

> Should the Court determine that some material must be produced, Defendants request that the DOS be afforded an opportunity to be heard concerning any documents Defendants may identify for production [Doc. 49 p. 14]. Under the circumstances of this case, the Court finds thirty (30) days from entry of the protective order sufficient time to advise the DOS of the Court's ruling and for the DOS to be heard on any documents Defendants identify for production. To the extent thirty (30) days is insufficient, Defendants may seek leave for additional time but must meet and confer with Plaintiff prior to seeking an extension.

[*Id*. at 15 n.7].

---

[1] In its filings, Plaintiff refers to the Court's order to meet and confer as the "Narrowing Mandate" and the Court's order to produce documents within thirty days of entry of a protective order as the "30-Day Mandate." For ease of reference, the Court will follow suit.

On September 6, 2022, the parties filed their joint motion for protective order [Doc. 68]. On September 7, 2022, Defendants filed a letter ("September 7 Letter"), stating that the parties had scheduled a private mediation for September 15, 2022 [Doc. 69]. In light of the mediation, they agreed to "certain slight adjustments to the Court's timetable for production as articulated in the August 26 Order[,] and "[i]n the interim, . . . continued to meet and confer in accordance with the timelines contemplated by the August 26 Order" [*Id*.]. On September 9, 2022, the Court entered an Order, directing the parties to file a joint status report on or before September 22, 2022, regarding Defendants' new timetable to produce discovery, if mediation was not successful [Doc. 71 p. 2]. In addition, on September 9, 2022, the Court entered the parties' Protective Order [Doc. 70].[2]

The mediation was not successful, so on September 22, 2022, the parties filed a joint status report ("September 22 Report") [Doc. 72]. The parties explained that since the mediation, they "re-engaged on discovery issues, including those set forth in the Court's August 26, 2022 Order concerning Defendants' production" [*Id*. at 1]. The parties represented: "This includes conferring to narrow the scope of [Plaintiff's] discovery requests, to address other discovery issues raised by Defendants, and to agree that Defendants will complete by October 14, 2022[,] their production of documents required by the August 26 Order" [*Id*.]. In addition, the parties stated that, pursuant to the Court's August 26 Order, "Defendants could, if necessary, request an extension of time to complete their production" [*Id*. at 1 n.1 (citing Doc. 65 p. 15 n.7)]. Defendants noted, however, that they would "strive to complete their production as efficiently as possible" [*Id*.].

In the status report, the parties also requested that the Court amend the Scheduling Order, offering different proposals [*Id*.]. Defendants noted their commitment to producing documents on

---

[2]    Pursuant to the Court's August 26 Order, Defendants had until October 10, 2022, to produce documents subject to the 30-Day Mandate [Doc. 65 p. 15].

October 14, 2022, and requested that the discovery deadline be extended to January 19, 2023 [*Id.* at 2]. The District Judge modified the Scheduling Order "in favor of an extension in line with Defendants' proposal" [Doc. 75 p. 2].

On October 6, 2022, Defendants' counsel informed Plaintiff's counsel that the October 14 target date was in jeopardy in light of the final negotiations to narrow the discovery requests [Doc. 78-2 p. 6]. Plaintiff's counsel responded that she expected the production on October 14 "unless the [C]ourt determines otherwise" [*Id.*]. Defense counsel replied that it took longer to receive Plaintiff's feedback on narrowing the discovery requests, so the October 14 production date was "simply no longer feasible" [*Id.* at 5]. After several back-and-forth email exchanges, the parties agreed to a new production date of October 28, 2022 [*Id.* at 2–3].

On October 27, 2022, Defendants' counsel called Plaintiff's counsel to report that the DOS's attorney contacted Defendants via email to request a copy of the Court's August 26 Order [Doc. 78-1 pp. 6–7; Doc. 78-3 p. 6]. On October 28, 2022, Plaintiff's counsel responded, "Per our agreement, the DOS documents are to be produced today. While I appreciate your apprising us of the communications between your client and [the] DOS, they do not change your clients' Court-ordered production obligations under our agreement" [Doc. 78-3 pp. 6–7]. On the same day, Defendants' counsel responded:

> We understand full well Judge McCook's order concerning our production and our separate agreement to extend that deadline based on the parties' efforts to narrow the scope of the requests at issue. With respect to Judge McCook's order, it explicitly acknowledged that D[O]S might need to be heard before the Defendants make their production, and that extending the production deadline might be necessary in that event. Here, as I understand Tasha explained to you, D[O]S contacted our client to indicate the issue of our production is undergoing legal review by the agency and that an answer would be forthcoming. If Defendants produce documents before D[O]S determines how it will proceed, we could moot D[O]S's effort to challenge production and protect its documents.

4

> That is plainly not what Judge McCook intended. In answer to your question, Defendants cannot produce today because D[O]S is presently reviewing the order and related documents, and whether D[O]S will allow Defendants to produce the documents at issue.

[*Id*. at 5].  Plaintiff's counsel replied a few hours later, in part, that "[i]t appears that [the] DOS was not timely advised of the Court's Order and is unaware that the window for [the] DOS to be heard closed on Oct[.] 10 – 30 days from entry of the protective order on Sep[.] 9" [*Id*. at 4].

Later, the parties participated in a telephonic meet and confer regarding Defendants' production [*Id*. at 2–3].  On November 1, 2022, Defendants' counsel advised Plaintiff's counsel that Defendants sent the August 26 Order to the DOS on October 19, 2022 [*Id*. at 2].  Defendants' counsel also stated that on October 21, 2022, an attorney from the DOS requested additional information, which Defendants' counsel provided on October 25, 2022 [*Id*.].  Following the receipt of the additional information, Defendants' counsel anticipated hearing from the DOS the week of October 31, 2022 [*Id*.].  Defendants' counsel stated, "We did not hear back from [the] DOS today, although we plan to contact the DOS attorney tomorrow to request an update" [*Id*.].

Plaintiff's counsel submits that on November 3, 2022, the parties participated in another telephonic meet and confer, and Defendants' counsel "indicated that the relevant DOS decision-makers had yet to evaluate the Court's Order and that [the] DOS had not provided any substantive response or guidance regarding Defendants' production of documents, nor any timetable for providing a response or guidance" [Doc. 78-4 ¶ 2].  According to Plaintiff, Defendants' counsel had scheduled a telephone call with someone from the DOS for November 9, 2022, to provide guidance regarding the next steps [*Id*.].  Plaintiff's counsel represents:

> Despite multiple phone calls and emails exchanged with Defendants' counsel over the past 10 days, as of the date of this declaration, [Plaintiff] has absolutely no information that could serve as a starting point for even a roughly estimated possible timetable for Defendants' compliance with the Court's Order. In the

absence of the Court's intervention, the actual date of Defendants' production remains a matter of sheer speculation.

[*Id*. ¶ 4].

On November 4, 2022, Plaintiff filed its Motion to Compel, pursuant to Rules 26, 34, and 37 of the Federal Rules of Civil Procedure and Local Rules 7.1 and 37.2 [Doc. 78]. For grounds, Plaintiff states that Defendants did not comply with the Court's 30-day Mandate, and it requests that the Court order immediate compliance with the August 26 Order. Arguing that the Court has inherent authority and authority pursuant to Rule 37, Plaintiff submits that sanctions are appropriate in light of Defendants' failure to comply with the August 26 Order, "specifically, the 30-day timetable to make the production following the entry of the Protective Order and the 30-day timetable for advising [the] DOS of the Court's Order" [Doc. 78-1 p. 11]. Plaintiff further argues that Defendants "disregarded the evident intent of the Order in twice proposing new production dates—and twice obtaining [Plaintiff's] assent—when at the time Defendants proposed the extension dates they knew that [the] DOS had not even been advised of the Court's Order" [*Id*. at 11]. Citing to Rules 37(a)(5)(A) and (b)(2)(C), Plaintiff submits that it is entitled to fees because Defendants did not abide by the 30-day timetable for the document production or advise [the] DOS of the same and their failure is not substantially justified.

Defendants respond in opposition to the motion, claiming that "[Plaintiff] seeks, without any legal authority, to circumvent the [DOS's] ability to object to Defendants' production of documents that belong to [the] DOS" [Doc. 79 p. 1]. Defendants state that the parties agreed to extend the time for Defendants to produce documents to October 28, 2022, in light of the "amount of time [Plaintiff] took to respond to proposed narrowing of its own discovery requests[,]" which "prevented Defendants from finalizing their collection of documents for review" [*Id.* at 5]. Following negotiations regarding narrowing Plaintiff's discovery requests, Defendants hired a

6

third-party vendor to review the voluminous discovery. On October 19, 2022, Defendants transmitted the August 26 Order to the DOS. Defendants state that on October 21, 2022, an attorney with the DOS notified Defendants that it would be seeking further review and requested additional information, which Defendants provided and apprised Plaintiff of the same. Defendants contend that the documents were ready by October 28, 2022, but the DOS had not yet notified them about whether they intended to file a written objection. Defendants represent, "By email [on November 18, 2022], the attorney for [the] DOS confirmed that the agency will need to review the documents before Defendants can produce them[] and indicated that the Contracting Officer will provide further instructions" [*Id*. at 6].

Defendants assert that Plaintiff's motion is meritless and premature. While Plaintiff argues that they failed to abide by the Court order to produce documents within thirty days, Defendants submit that Plaintiff agreed to two extensions. Citing to footnote seven in the August 26 Order, Defendants state that "the Court contemplate[d] that [the] DOS would likely need to review the documents in question before taking a position, something [the] DOS could not do until October 28, when Defendants' production was ultimately ready" [*Id*. at 8]. They acknowledge that they could have filed an update with the Court or sought additional time once the DOS became involved, but they hoped to avoid such expense and time given their transparency with Plaintiff. Defendants deny that they acted in bad faith claiming that they were already compiling and segregating documents for review before the parties had agreed on how to narrow the discovery requests. Defendants claim that even if they had sent the August 26 Order to the DOS, they would be in the same position because the DOS could not determine its objections until it reviewed the documents.

Defendants argue that sanctions are not appropriate because they have not refused to disclose anything or engaged in bad faith or abusive discovery conduct. Instead, Defendants argue, they have complied with all aspects of the August 26 Order except to the extent of needing more time to account for the DOS's interests in the documents to be produced. Citing to Rule 37(a)(5)(A), Defendants state that "any perceived non-disclosure by [them] was substantially justified" [*Id.* at 9]. According to Defendants, shortly before Plaintiff filed the motion, they informed Plaintiff that they anticipated receiving an answer from the DOS shortly. Defendants maintain that the only reason that they have not produced documents is due to the DOS's intervention, which the Court and the parties contemplated.

Plaintiff filed a reply, arguing that the Court ordered Defendants to produce "their communications with [the DOS] within **thirty (30) days** of entry of the protective order" [Doc. 80 p. 1 (citation omitted)]. Plaintiff argues that "the Court also accommodated a request made in Defendants' briefing and provided 30 days from entry of the protective order for [the] DOS be advised of the Court's decision and heard" [*Id*. at 1–2 (citation omitted)]. Further, it argues that the Court ordered the documents to be produced in a "defined timetable" [*Id*. at 2]. Plaintiff reiterates its request to order immediate production of the responsive documents subject to the August 26 Order and award it attorneys' fees incurred in bringing its motion.

On December 16, 2022, Defendants filed a letter to the undersigned stating that the DOS has requested to review the documents before they produce them [Doc. 82]. Defendants transmitted the documents to the DOS on December 12, 2022, "in the particular format requested by [the] DOS[,]" and it "is in the process of reviewing the materials" [*Id*.].

## II.     ANALYSIS

For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Compel [**Doc. 78**].  The Court finds Defendants' production is overdue.  The Court, however, declines to order immediate compliance given the DOS's recent receipt of the responsive documents, which it asserts it needs to review.  The Court will afford Defendants **fourteen (14) days** to produce the responsive documents that were subject to the August 26 Order. Defendants **SHALL** provide this Memorandum and Order to their DOS contact immediately and immediately file a notice in CM/ECF of their compliance.  The Court further **ORDERS** Defendants to pay for the reasonable costs Plaintiff incurred in filing its motion.

### A.     Defendants' Discovery Obligations

With respect to RFP Nos. 2, 3, and 17 and Interrogatory Nos. 1 and 2, the Court ordered the parties to meet and confer to determine appropriate parameters to avoid undue expense and burden (i.e., the Narrowing Mandate) [Doc. 65 p. 15].  It appears that this meet and confer has occurred and Defendants agreed to produce documents in response to the narrowed discovery requests.

Pursuant to the Court's August 26 Order, Defendants were required to produce responses to RFP Nos. 1 and 11 and Interrogatory No. 10 within thirty (30) days of entry of a protective order (i.e., the 30-Day Mandate) [*Id.*].  The Court noted that this deadline provided sufficient time for the DOS to be heard regarding any documents Defendants identified for production, but if not, Defendants could file a motion seeking additional time [*Id*. at 15 n.7].  The Court entered the parties' Protective Order on September 9, 2022, meaning Defendants' deadline to produce responses and documents was October 10, 2022 [*Id*. at 15].

Prior to the October 10 deadline, the parties submitted a letter on September 7, 2022, in which they set forth their agreement to modify the Court's timetable for production in light of approaching mediation [Doc. 69]. At the Court's direction, the parties filed the September 22 Report, which represented that the parties agreed that Defendants would have until October 14 for document production [Doc. 72].[3] But Defendants reserved the right to request an extension on this production [*Id*.].

Defendants did not file a motion requesting an extension to produce documents. But on October 6, 2022, they informed Plaintiff that the October 14 target date was no longer feasible and that they anticipated being able to produce the documents by October 28, 2022 [Doc. 78-2 pp. 4–5]. On October 11, 2022, defense counsel confirmed, "We believe October 28 is a realistic expectation" [*Id*. at 2]. Then, on October 27, 2022, Defendants informed Plaintiff that the DOS requested a copy of the Court's August 26 Order [Doc. 78-1 p. 7; Doc. 78-3 p. 6]. And on the next day, the date for production, Defendants' counsel reported to Plaintiff's counsel that the DOS "indicate[d] the issue of [Defendants'] production [was] undergoing legal review" [Doc. 78-3 p. 5]. Defendants did not produce documents to Plaintiff on October 28, 2022.

The Court finds Defendants have not complied with their discovery obligations given that they did not produce any documents by their agreed-upon deadline of October 28, 2022. Nor were Defendants ready to produce any documents because the DOS had not completed its requested review. In seeming contradiction to the agreed-upon date of production, Defendants assert that the "DOS could not have reviewed Defendants' production until October 28, the first day on which Defendants' production was ready for external review" [Doc. 79 p. 9]. But the DOS's need to

---

[3] The parties' correspondence mentions neither the 30-Day Mandate nor the Narrowing Mandate. It appears that the parties agreed that all discovery subject to be produced pursuant to the August 26 Order would be produced by the agreed-upon date of October 14.

review Defendants' production was known to Defendants well before October 28, 2022. In June 2022, when Defendants filed their motion for protective order, they contemplated that the DOS would need to review any responsive documents prior to producing them to Plaintiff [Doc. 49]. Specifically, Defendants represented that, if they "must produce any of the documents that [Plaintiff] has requested, they will also need time to provide [the DOS] with the opportunity to review the potential productions, and for [the DOS] to have the opportunity to be heard before its communications are produced" [*Id*. at 14]. The Court acknowledged Defendants' need, as explained in footnote seven of the August 26 Order [Doc. 65 p. 15 n.7]. But Defendants waited until October 19, 2022, to advise the DOS of the Court's August 26 Order, despite their representations to Plaintiff on October 11, 2022, that they would produce documents by October 28, 2022. And the documents were not ready for the DOS's review until that date.

Further, when Defendants told Plaintiff the October 14 deadline was no longer feasible, they agreed to produce responsive documents by October 28, 2022. But at no point, until the day before production, did Defendants indicate that production was not likely because the DOS had not reviewed the Court's August 26 Order or the responsive documents. Nor did Defendants file a motion requesting additional time as contemplated by the August 26 Order or their September 22 Report so that the DOS could complete its review. Instead, on December 16, 2022, Defendants reported to the Court that the DOS requested to review the documents and that Defendants transmitted them to the DOS on December 12, 2022, forty-five days after the agreed-upon production date, "in the particular format [the DOS] requested" [Doc. 82].

As of the date of this Memorandum and Order, the DOS has had approximately thirty days to review the documents in the format it requested [*See id.*]. While Plaintiff requests Defendants' immediate compliance with the Court's August 26 Order, the Court finds it appropriate given the

circumstances of this case to **ORDER** Defendants to produce the documents subject to the August 26 Order within **fourteen (14) days** of entry of this Memorandum and Order. Defendants **SHALL** immediately transmit this Memorandum and Order to their contact at the DOS and immediately file a notice in CM/ECF of their compliance. If there are any issues with this deadline, Defendants or the DOS may file an appropriate motion.[4]

### B. Sanctions

Rule 37 is triggered when a party fails to comply with its discovery obligations. *Clark Const. Grp., Inc. v. City of Memphis*, 229 F.R.D. 131, 137 (W.D. Tenn. 2005).[5] In requesting fees, Plaintiff cites Rule 37(a)(5)(A) and (b)(2)(C). Rule 37(a)(5)(A) allows the court to grant an award of attorney's fees incurred when a party fails to comply with its discovery obligations, including answering interrogatories and requests for production of documents. Rule 37(b)(C)(b) pertains to sanctions for a party not obeying a discovery order, which also includes payment of expenses. The Court finds both Rules are applicable in this situation given that Defendants did not produce documents subject to the 30-day Mandate and the Narrowing Mandate by the parties' agreed upon deadline to do so, and they did not file a motion requesting an extension to produce responsive documents.

---

[4]     Any motion that Defendants or the DOS may file shall include an estimate as to when the DOS anticipates completing its review.

[5]     Plaintiff states that the Court may order sanctions, including default judgment and contempt, when a party fails to abide by a court order [Doc. 78-1 pp. 10–11 (citing *Clark*, 22 F.R.D. at 131, and *Gray Cas. & Sur. Co. v. Holton*, No. 09-2840AV, 2011 WL 679930, at *1 (W.D. Tenn. Jan. 18, 2011), *report and recommendation adopted*, No. 09-CV-02840-STA-DKV, 2011 WL 549862 (W.D. Tenn. Feb. 9, 2011))]. Defendants respond that this authority does not support imposing these sanctions because the facts here are "starkly different" from those cases [Doc. 79 p. 11]. While Plaintiff mentions these sanctions, it does not request default judgment or that the Court hold Defendants in contempt. The Court, therefore, need not analyze whether such sanctions are appropriate.

Defendants state that sanctions are not appropriate because they did not act in bad faith. But the Court does not need to find that a party acted in bad faith for purposes of sanctions pursuant to Rule 37. *JPMorgan Chase Bank, N.A. v. Neovi, Inc.*, No. 2:06-CV-0095, 2007 WL 1875928, at *5 (S.D. Ohio June 20, 2007) (explaining that sanctions under Rule 37 do not have a bad faith requirement (citation omitted)). Instead, the Rule 37 provides that the court may not award fees if the opposing party was substantially justified, or if other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii) and (b)(2)(C).[6]

"Substantially justified" means "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In other words, an action is substantially justified "if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Doe v. Lexington–Fayette Urban Co. Gov't*, 407 F.3d 755, 765 (6th Cir. 2005) (quoting *Pierce*, 487 U.S. at 552)).

In arguing that they were substantially justified, Defendants submit that the "DOS confirmed that it must review the documents before Defendants can produce, which confirms that Defendants acted appropriate in not disclosing the documents—which it only did because [the] DOS suggested it may object" [Doc. 79 p. 9]. But as mentioned above, Defendants contemplated the DOS's need to review any responsive documents prior to production in June 2022 when they filed their motion for protective order [Doc. 49 p. 14]. Defendants state that they could not send

---

[6]  Plaintiff also requests sanctions pursuant to the Court's inherent authority. But the Supreme Court has "made clear that courts must proceed with discretion in invoking their inherent authority, and generally should not rely on their inherent authority in situations where the Federal Rules provide an appropriate mechanism for sanctioning the conduct at issue." *Diamond Consortium, Inc. v. Hammervold*, 386 F. Supp. 3d 904, 915 (M.D. Tenn. 2019) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)). Given that Plaintiff has also relied on the Federal Rules of Civil Procedure in seeking sanctions, the Court does not need to address its inherent authority to award sanctions here.

the DOS the documents any earlier because the production was not ready until October 28, 2022, but they represented to Plaintiff that October 28 was a "realistic" date for their document production. Defendants further assert that Plaintiff caused delay when narrowing its discovery requests, making its delay justified, but any delay in narrowing the discovery requests should not have caused any delay in producing documents subject to the Court's 30-Day Mandate, as these discovery requests were not subject to further negotiation following the August 26 Order.

Reasonable people could not differ that October 28 was not a "realistic" expectation as of October 11, 2022, in light of Defendants' representations about the DOS's review of the documents. Rather, a reasonable person would have believed that, in agreeing to a production date of October 28, Defendants had secured any necessary review by the DOS prior to that date. But on October 11, 2022, the parties agreed that Defendants would produce documents on October 28, 2022, and as of the date of their agreement, Defendants had not yet informed the DOS of Court's Order nor advised Plaintiff that it had not secured any necessary review by the DOS. Further, Defendants never filed a motion pursuant to the Court's August 26 Order requesting an extension of time so that the DOS could complete its review.

The Court therefore finds Defendants' failure to comply with the discovery obligations is not substantially justified, and there are no other circumstances in this case making an award unjust. The Court awards Plaintiff its reasonable attorney's fees and costs in filing its motion. Fed. R. Civ. 37(a)(5)(A)(ii)–(iii) and (b)(2)(C).

## III.    CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Compel [**Doc. 78**]. The Court **ORDERS** Defendants to produce the documents subject to the August 26 Order within **fourteen (14) days** of entry of this Memorandum

14

and Order.  Defendants **SHALL** immediately send this Memorandum and Order to their contact at the DOS and immediately file a notice in CM/ECF of their compliance.  If there are any issues with this deadline, Defendants or DOS may file an appropriate motion.

Finally, Defendants **SHALL** pay the costs Plaintiff incurred in filing its motion.  The Court **ORDERS** the parties to meet and confer in an effort to agree on the reasonable amount of attorney's fees and costs.  Should the parties arrive at an impasse, Plaintiff shall file its request for attorney's fees and costs, with supporting documentation, in CM/ECF on or before **February 3, 2023**.  Defendants **SHALL** file their response to Plaintiff's request on or before **February 17, 2023**, and Plaintiff may file a reply, if necessary, on or before **February 24, 2023**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

15